UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v                                                    Case No. 17-CR-20005
                                                    Honorable Thomas L. Ludington

LARRY JONES, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE WITHOUT PREJUDICE**

On January 26, 2017, Defendant Larry Jones, Jr. pled guilty to one count of attempting to knowingly possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 846. ECF No. 22. Defendant was sentenced to 22 months incarceration to be followed by a three-year term of supervised release. ECF No. 34. Defendant was released from incarceration and began supervised release on May 23, 2018. ECF No. 36. He now moves *pro se* for early termination of his supervised release. *Id.* For the reasons stated below, his motion will be denied without prejudice.

**I.**

Under, 18 U.S.C. § 3583(e), a court may terminate a term of supervised release previously imposed under § 3583(a). The statute provides,

> (e) The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

28 U.S.C. § 3583(e). The relevant § 3553 factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

28 U.S.C. § 3553(a).

## II.

Defendant states that he has had no supervised release violations since his release in May 2018. ECF No. 36 at PageID.140–41. He represents that he "currently resides in Saginaw, MI in his home as a single co-parent to his minor children." ECF No. 36 at PageID.141. He further represents that he is "gainfully employed" and pursuing a trade school education. *Id.* For evidence of his new support system, Defendant refers this Court to certain "attachments" that he claimed would "follow [his] petition." *Id.* However, no such attachments have been filed on the docket.

While the Government does not object to Defendant's motion, ECF No. 37, this Court has an obligation to consider the § 3553 factors before terminating supervised release. 18 U.S.C. § 3583(e). To that end, Defendant must produce some evidence supporting his representations before his motion can be considered on the merits.

- 3 -

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 36, is **DENIED WITHOUT PREJUDICE**. Defendant may refile his motion but must include exhibits supporting his representations.

Dated: November 12, 2020       s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Larry Jones, Jr., 4375 Jo Drive, Saginaw, MI 48601 by first class U.S. mail on November 12, 2020.

                               s/Kelly Winslow
                               KELLY WINSLOW, Case Manager